## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED<br><br>        Plaintiff,<br><br>   v.<br><br>ZHUHAI COSMX BATTERY CO., LTD., CHONGQING COSMX BATTERY CO., LTD., ZHUHAI COSMX POWER JINWAN SUBSIDIARY CO., LTD., ZHUHAI COSMX POWER BATTERY CO., LTD., ZHUHAI COSMX POWER SUPPLY CO., LTD., ZHEJIANG COSMX BATTERY CO., LTD., ZHEJIANG COSMX POWER SUPPLY CO., LTD., CHONGQING COSMX POWER BATTERY CO., LTD.<br><br>        Defendants. | Civil Action No.: 2:26-cv-00139<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1.    Plaintiff Ningde Amperex Technology Limited ("ATL" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against Zhuhai CosMX Battery Co., Ltd., Chongqing CosMX Battery Co., Ltd., Zhuhai CosMX Power Jinwan Subsidiary Co., Ltd., Zhuhai CosMX Power Battery Co., Ltd., Zhuhai CosMX Power Supply Co., Ltd., Zhejiang CosMX Battery Co., Ltd., Zhejiang CosMX Power Supply Co., Ltd., Chongqing CosMX Power Battery Co., Ltd. (collectively "CosMX") and alleges as follows.

### ACTION AND PARTIES

2.    This is a civil action for infringement of U.S. Patent No. 10,916,769 (the "'769 Patent"), U.S. Patent No. 11,699,808 (the "'808 Patent"), U.S. Patent No. 12,278,330 (the "'330

Patent"), U.S. Patent No. 12,294,082 (the "'082 Patent"), U.S. Patent No. 12,334,494 (the "'494 Patent"), and U.S. Patent No. 12,374,686 (the "'686 Patent") (collectively, "the Asserted Patents") arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

3.     ATL is a Chinese corporation with its principal place of business at No.1 Xingang Road, Zhangwan Town, Jiaocheng District, Ningde City, Fujian Province, People's Republic of China. ATL is a wholly owned subsidiary of Amperex Technology Limited, which is a wholly owned subsidiary of TDK Corporation, a multinational electronics manufacturer listed on the Tokyo stock exchange in Japan.

4.     With origins dating back to 1999, ATL is the world's leading producer and innovator of lithium-ion batteries. ATL is known worldwide for its high-tech, high-volume prowess in developing and manufacturing high quality rechargeable lithium-ion batteries.

5.     ATL is now the world's leading lithium-ion battery manufacturer for smartphones and one of the major lithium-ion battery manufacturers for all consumer electronics. Over the past three years, ATL has manufactured over 1 billion lithium-ion batteries per year.

6.     ATL has leveraged its investments in research and development into technological innovations in all aspects of battery technology, including materials, processes, structures, charging technologies, and system design. These efforts have yielded thousands of patents in the United States and around the world.

7.     On information and belief, Zhuhai CosMX Battery Co., Ltd. (珠海冠宇电池股份有限公司) ("Zhuhai CosMX Battery") is a Chinese corporation with its principal place of business at No. 209, Zhufeng Road, Doumen District, Zhuhai 519180, People's Republic of China.

8.      The below entities are manufacturing subsidiaries of Zhuhai CosMX Battery. *See* Ex. 1 (CosMX 2023 ESG Report, pg. 1).

9.      On information and belief, Chongqing CosMX Battery Co., Ltd. ("Chongqing CosMX") is a Chinese corporation with its principal place of business at Yutianbao Subzone, Pingshan Industrial Park, Wansheng Economic Development Zone, Chongqing, People's Republic of China.

10.     On information and belief, Zhuhai CosMX Power Jinwan Subsidiary Co., Ltd. ("CosMX Jinwan") is a Chinese corporation with its principal place of business at Workshop No. 1, No. 2, No. 3 (First Floor, Second floor workshop, Third Floor, Fourth Floor, Fifth Floor), No. 4, No. 5 and dormitory 1, No. 3 Qingwan Three Road, Qingwan Industry Park, Sanzao Town, Jinwan District, Zhuhai City, Guangdong Province, People's Republic of China.

11.     On information and belief, Zhuhai CosMX Power Battery Co., Ltd. ("Zhuhai CosMX Power") is a Chinese corporation with its principal place of business at Plant C Third Floor, No. 209, Zhufeng Road, Jingan Town, Doumen District, Zhuhai City, Guangdong Province, People's Republic of China.

12.     On information and belief, Zhuhai CosMX Power Supply Co., Ltd. ("Zhuhai CosMX Power Supply") is a Chinese corporation with its principal place of business at Workshop No. 3 (Office one on the Second floor), No. 3 Qingwan Three Road, Qingwan Industry Park, Sanzao Town, Jinwan District, Zhuhai City, Guangdong Province, People's Republic of China.

13.     On information and belief, Zhejiang CosMX Battery Co., Ltd. ("Zhejiang CosMX"), is a Chinese corporation with its principal place of business at No. 8, Henggang Road, Baibu Town, Haiyan County, Jiaxing City, Zhejiang Province, People's Republic of China.

14.     On information and belief, Zhejiang CosMX Power Supply Co., Ltd. ("Zhejiang CosMX Power Supply"), is a Chinese corporation with its principal place of business at No. 99, Jinhang Road, Qinshan Industrial Park, Qinshan Street, Haiyan County, Jiaxing City, Zhejiang Province, People's Republic of China.

15.     On information and belief, Chongqing CosMX Power Battery Co., Ltd. ("Chongqing CosMX Power"), is a Chinese corporation with its principal place of business at No. 21, Pingshan Avenue, Pingshan Industrial Park, Wansheng Economic Development Zone, Chongqing, People's Republic of China.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

17.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because CosMX is not a resident in the United States and thus may be sued in any judicial district.

18.     This Court has personal jurisdiction over CosMX pursuant to the Constitution of the United States of America and/or the Texas Long Arm Statute because CosMX has committed acts of infringement in this District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing lithium-ion battery products and/or related services that infringe the Asserted Patents (the "Accused Products"), as alleged herein.

19.     Upon information and belief, CosMX also regularly introduces the Accused Products into the stream of commerce through agents, customers, distributors, and intermediaries, knowing and intending that the Accused Products will ultimately be offered for sale and/or sold, or will be incorporated into other products that will ultimately be offered for sale and/or sold, to residents of the United States, including residents of this District, or such products that will be imported into the United States including into this District.

20.    CosMX has stated in a complaint filed in the District Court for the Northern District of California that it "is the world leader in the lithium ion battery industry. CosMX is a top supplier of polymer lithium ion batteries and its customers include the world's top electronics companies. CosMX technology is found in the most well-known electronic products today, including top-selling smartphones, laptops, and tablets." *See* Complaint, Case No. 3:22-cv-04510 (N.D. Cal.) (August 4, 2022).

21.    According to CosMX, it is "one of the worldwide major suppliers of consumer Li-ion batteries." *See* Exhibit 2.[1] CosMX touts that it "has long served [the] world's well-known customers in the field of PCs, notebooks, tablets, smart phones, smart wearables, power tools, drones and other fields." *Id*. CosMX states that its "[b]attery products can be certified in different markets around the world according to customers' needs," and lists several marks indicating compliance with U.S. safety requirements, including a US UL mark and CTIA mark. *Id*.

22.    For example, according to CosMX, it maintains a "Service Website" and lists San Francisco as a location. Upon information and belief, customers in this District may message the San Francisco service office with their company contact information, product requirements, and project technical specifications. *See* Exhibit 3.[2]

23.    In its 2024 Annual Report, CosMX declared that "the company continued to deepen its cooperation with leading global computer brands such as HP, Lenovo, Dell, Apple, ASUS, Acer, Microsoft, and Amazon, maintaining a stable supply share in the notebook and tablet computer market." Exhibit 4 at 13 (CosMX 2024 Annual Report, machine translation of Chinese

---

[1] About US – CosMX, http://www.cosmx.com/html/en/html/about/about/ (last accessed January 8, 2026).
[2] Service Website – CosMX, http://www.cosmx.com/html/en/html/servicessupport/customersupport/network/ (last accessed January 8, 2026).

original). Further, CosMX declared that "the company continued to deepen its cooperation with existing customers such as Apple, Xiaomi, Huawei, Honor, OPPO, Vivo, Lenovo, and ZTE." *Id.*

24.     In June 2022, ATL sued CosMX in this District for infringement of three U.S. patents. *See* No. 2:22-cv-00232-JRG (E.D. Tex.) (the "232 Action"). Then in September 2024, ATL sued CosMX again in this District for infringement of six more U.S. patents. *See* No. 2:24-cv-00728-JRG (E.D. Tex.) (the "728 Action"). CosMX did not file a motion to dismiss for lack of personal jurisdiction in either action. In the 232 Action, CosMX filed a motion to transfer the case to the Northern District of California, and this Court denied CosMX's motion to transfer. *Id.* at Dkt. 90. In the 232 Action, CosMX also filed counterclaims for a declaratory judgment of non-infringement and invalidity of the patents asserted, thus availing itself of this Court's jurisdiction. *Id.* at Dkt. 11.

25.     Thus, upon information and belief, CosMX has knowingly and intentionally worked with various companies to design and supply lithium-ion batteries, including the Accused Products, specifically for use by each of its consumer electronics customers with the expectation that they would be incorporated into consumer electronics products intended for and sold to residents in the United States, including this District.

26.     Upon information and belief, as part of this design and supply process, CosMX meets with, and directly ships sample lithium-ion battery cells, including Accused Products, to certain of its brand customers, such as Dell (Round Rock, Texas) and HP (Spring, Texas), throughout Texas and this District. CosMX seemingly does not dispute that its customers include Dell, HP, and Texas Instruments, each of which is located in Texas. *See* 232 Action, Motion to Transfer, Dkt. 15 at 3. CosMX has stated "CosMX merely places products in the stream of commerce knowing the products will likely reach both Texas and California by selling battery

cells to packing companies who ship the assembled batteries to manufacturers of brand companies." *See* 232 Action, Reply in support of Motion to Transfer, Dkt. 32 at 1.

27.     Upon further information and belief, CosMX also regularly sends battery cells to Texas Instruments in Dallas, Texas, for chemical and safety analysis and/or compatibility testing of certain Accused Products. *See* 232 Action, Reply in support of Motion to Transfer, Dkt. 32 at 2 (CosMX stating "[w]ith regard to TI, CosMX provides samples to TI at the request of CosMX's customers, not by its own initiative."). Upon information and belief, but for these qualification activities that take place in the United States, CosMX lithium-ion batteries could not be included in any of its domestic consumer electronics customers' (such as Dell and HP) products sold anywhere in the world.

28.     Upon information and belief, CosMX purposefully directed its activities at residents in this District by, for example, entering into agreements with Lenovo Inc. ("Lenovo"), to include CosMX lithium-ion batteries within Lenovo's products. *See* Exhibit 5, (CosMX listed as Lenovo supplier for "Power").[3] Upon information and belief, CosMX entered into these agreements with the knowledge that such products would be imported into and sold in the United States, including in this District.

29.     For example, one of the Accused Products, identified as CosMX Cell No. CA476588P-Q1, was found in Battery Part No. BN5P which was shipped to the United States in a Redmi Note 13. Other Accused Products identified as CosMX Cell No. CA-3072C5P-Q2 was found in a Gigabyte AERO X16 (EG61H) laptop which was shipped to the United States. Upon information and belief, additional laptop and phone batteries containing other Accused Products

---

[3] https://www.lenovo.com/content/dam/lenovo/site-design/esg-document-library/global/corp-policies/gsc/List_of_Lenovo_Mfg_Sites_and_Suppliers.pdf (Lenovo Manufacturing Sites and Suppliers, April 2025 (last accessed January 8, 2026).

are sold and distributed in this District. Upon information and belief, CosMX intentionally entered into agreements with brand customers with the knowledge that the Accused Products, including for example CosMX Cell Nos. CA3072C5P-Q2, CA476588P-Q1, and CA285388L-Q3-X2 would be sold to residents throughout the United States and including in this District through retailers such as Amazon.com and eBay. *See, e.g.*, Exhibit 6 (showing electronics purchasable in the United States containing the Accused Products).

30.     The identification of exemplary CosMX Cell Nos. CA3072C5P-Q2, CA476588P-Q1, and CA285388L-Q3-X2 are intended for illustration purposes and is not intended to limit the scope of ATL's infringement allegations. Upon information and belief, similar battery cells may be in laptop and cell phone devices distributed in the United States by other OEMs. Upon information and belief, similar battery cells incorporate ATL's patented technology. Upon additional information and belief, other CosMX battery cell model types may be found in other computing devices and may have different form factors, such as a lithium-ion secondary battery used in a smartphone, tablet, or other portable computing device. Upon information and belief, other CosMX battery cell model types found in other computing devices incorporate ATL's patented technology. ATL anticipates that discovery in this action will be necessary to identify all Accused Products distributed in and to the United States and any remedy afforded should extend to all past, present, and future infringing products of CosMX regardless of model number or form factor. On information and belief, CosMX Cell Nos. CA3072C5P-Q2, CA476588P-Q1, and CA285388L-Q3-X2 are representative of additional CosMX battery models incorporated into computing devices, smartphones, tablets, and portable computing devices sold, offered for sale, and/or marketed within the United States.

31.     Alternatively, as a foreign corporation, personal jurisdiction exists over CosMX at least by virtue of Federal Rule of Civil Procedure 4(k)(2) when taking into consideration all of CosMX's relevant contacts with the United States as a whole.

## ASSERTED PATENTS

32.     On February 9, 2021, the United States Patent Office issued U.S. Patent No. 10,916,769, titled "Cathode, electrochemical device and electronic device comprising same." The '769 Patent identifies Xinru Su, Baozhang Li, Yisong Su, and Zhiwen Xiao as the inventors. A true and correct copy of the '769 Patent is attached hereto as Exhibit 7.

33.     The '769 Patent is directed to a cathode, an electrochemical device, and an electronic device that includes the cathode. '769 Patent, 1:44-57. The cathode comprises a cathode current collector, a first cathode active material layer, a second cathode active material layer, and an insulating layer. The first cathode active material layer covers a portion of the cathode current collector, while the insulating layer covers a different portion, with a gap between them to prevent overlap. One advantage of this design is that it alleviates potential issues of overlapping between the active material layer and the insulating layer, which can lead to safety failures such as fires when the device is punctured. *Id.* at 5:12-24. The '769 Patent improves the safety performance of electrochemical devices, such as lithium-ion batteries, by preventing internal short circuits when the device is pierced by an external force. The gap between the active material layer and the insulating layer enhances the mechanical safety of the device, reducing the risk that it catches fire or fails under puncture conditions. Additionally, the design maintains the energy density of the lithium-ion batteries, addressing the challenge of improving safety without compromising performance. The cathode's structure also enhances the reliability of the preparation process and reduces the likelihood of material rupture during manufacturing.

34.    On July 11, 2023, the United States Patent Office issued U.S. Patent No. 11,699,808, titled "Battery." The '808 Patent identifies Bolin Zhou as the inventor. A true and correct copy of the '808 Patent is attached hereto as Exhibit 8.

35.    The '808 Patent is directed to a battery that includes a battery body and a flange portion. '808 Patent, 1:29-36. The battery body features a first side face that protrudes from its surface, while the flange portion is arranged outside the battery body and includes a protrusion segment connected to the battery body, which protrudes away from it. The design of the battery in the '808 Patent addresses issues related to sealing reliability and space occupation by the battery. The protrusion segment and the side face of the battery body are both designed as protrusion structures, which help maintain a sufficient gap for adhesive application, thereby enhancing the adhesive force and ensuring tightness. *Id*. at 4:6-18. This design reduces the risk of the flange portion opening during transportation, use, or storage. The battery's structure, which includes a protrusion segment and an ending segment, allows for better control of adhesive application, resulting in improved peel strength and reduced width difference after storage compared to previous designs.

36.    On April 15, 2025, the United States Patent Office issued U.S. Patent No. 12,278,330, titled "Lithium-ion battery having desirable safety performance." The '330 Patent identifies Tao Tao and Ming Liang Mo as the inventors. A true and correct copy of the '330 Patent is attached hereto as Exhibit 9.

37.    The '330 Patent is directed to a lithium-ion battery comprising a positive and a negative electrode, where for each electrode, its lead (or tab) is welded to a current collector recess formed from the active material of the electrode, and the electrodes have insulating glue layers (or adhesive tape) at certain places to prevent the exposed recess from coming into contact with the

active material. '330 Patent, 4:47-54. In prior lithium-ion batteries, the recess is defined at one end of the positive plate or the negative plate along a length direction thereof, which causes thickness variation around the recess to be much larger than the thickness variation of the film afar from the recess. This arrangement is prone to peeling off around the corners, especially when the negative active material adopts an expansive substance, such as silicon. This leads to a high internal resistance of the lithium-ion battery and affects the capacity of the lithium-ion battery. In addition, since there is no insulating layer provided on the positive area corresponding to the positive recess or the negative recess, internal short circuit and lithium precipitation may potentially occur in the lithium-ion battery, which will inevitably affect the safety performance of the battery. To address problems with prior batteries, the '330 Patent provides that the tabs are welded in recesses which increases the space for the active material layer and allows for the tab to be welded near the middle of the electrode, thereby increasing energy density and reducing resistance. *Id*. at 3:30-37. The '330 Patent further provides for insulating glue layers (or adhesive tape) on the portion of the other electrode opposite of the tab, thereby reducing thickness and increasing safety.

38.    On May 6, 2024, the United States Patent Office issued U.S. Patent No. 12,294,082, titled "Negative electrode and electrochemical apparatus containing same, and electronic apparatus." The '082 Patent identifies Ting Yi, Hang Cui, and Yuansen Xie as the inventors. A true and correct copy of the '082 Patent is attached hereto as Exhibit 10.

39.    The '082 Patent is directed to a negative electrode for use in electrochemical apparatuses, such as lithium-ion batteries. '082 Patent, 1:49-63. The negative electrode comprises a negative current collector, a first negative active material layer, and a second negative active material layer. The first negative active material layer is arranged on one side of a first portion of the negative current collector, while the second negative active material layers are arranged on two

sides of a second portion, different from the first portion of the negative current collector. The '082 Patent addresses issues related to the cycle performance of lithium-ion batteries by reducing polarization and lithium plating, which are common problems in traditional designs. *Id*. at 4:1-6. By optimizing the structure of the negative electrode, the '082 Patent improves the safety and cycle performance of the battery. The design allows for more uniform current density distribution, which helps in reducing lithium plating and improving the cycle performance of the electrochemical apparatus. The '082 Patent also provides a method to maintain high-capacity retention rates throughout the battery's cycle life.

40.     On June 17, 2025, the United States Patent Office issued U.S. Patent No. 12,334,494, titled "Electrolyte and electrochemical device." The '494 Patent identifies Lilan Zhang, Chao Tang, and Jianming Zheng as the inventors. A true and correct copy of the '494 Patent is attached hereto as Exhibit 11.

41.     The '494 Patent is directed to an electrochemical device that includes a positive electrode, a negative electrode, a separator, and an electrolyte. The electrolyte contains a nitrile compound, which is present in a mass percentage ranging from 0.1% to 10%. '494 Patent at 1:43-52. The negative electrode features a current collector with two regions: a first region with a negative electrode active substance layer and a second region without it. The invention improves the cycle stability of electrochemical devices, particularly under high-voltage conditions, while addressing self-discharging issues. *Id*. at 19:45-50. The inclusion of nitrile compounds in the electrolyte enhances the stability of the positive electrode, thereby improving the cycle performance of the device. However, the nitrile compounds can cause copper dissolution from the negative electrode's current collector, potentially leading to self-discharging and safety issues. The design of the negative electrode, with its specific configuration of regions and the controlled use

of nitrile compounds, mitigates these issues by maintaining that AxB is kept below a certain threshold, thus balancing performance improvements with safety and stability.

42.    On July 29, 2025, the United States Patent Office issued U.S. Patent No. 12,374,686, titled "Electrochemical apparatus and electronic apparatus containing the electrochemical apparatus." The '686 Patent identifies Xiaojing Liu as the inventor. A true and correct copy of the '686 Patent is attached hereto as Exhibit 12.

43.    The '686 Patent is directed to an electrochemical apparatus that includes a positive electrode, a separator, and a negative electrode. The negative electrode comprises a negative current collector, a negative active material layer, and a negative tab. '686 Patent, 1:50-60. The negative active material layer contains a silicon-based material, and the negative tab is positioned on a side edge of the long axis of the negative current collector. The electrochemical apparatus described in the '686 Patent offers several benefits. For example, it effectively reduces the impedance of the negative electrode and controls the temperature rise of a battery cell, thereby reducing the cycling expansion rate and improving the cycle performance of the electrochemical apparatus. *Id*. at 2:5-10. The design also improves the current density of each part in the negative electrode, reducing the thermal power generated by the internal resistance during the charging and discharging cycle, which enhances both the cycle performance and safety performance of the apparatus. Additionally, the apparatus can lower the raising temperature caused by the charging and discharging cycle process, which helps in reducing the internal impedance and polarization of the battery cell. The structural stability of the battery cell is improved, enhancing the safety and cycle performance of the electrochemical apparatus.

**COUNT I - INFRINGEMENT OF U.S. PATENT NO. 10,916,769**

13

44.     ATL re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

45.     ATL is the assignee of the '769 Patent. ATL has all rights, title, and interest in the '769 Patent including the right to enforce the '769 Patent, the right to exclude others, and to sue and recover damages for past and future infringement.

46.     The '769 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

47.     In violation of 35 U.S.C. § 271(a), CosMX has infringed and continues to infringe at least claim 1 of the '769 Patent by, without authority, making, using, selling, offering for sale, and/or importing into the United States, including in Texas and this judicial district, the Accused Products.

48.     Upon information and belief, CosMX and/or its agents manufacture the Accused Products outside of the United States and delivers the Accused Products to its customers, distributors, and/or subsidiaries in the United States. Upon information and belief, to the extent that CosMX delivers the Accused Products outside of the United States, CosMX does so with the intent and knowledge that the Accused Products are destined for the United States or are designed for products to be sold in the United States. CosMX has infringed the '769 Patent literally and/or under the doctrine of equivalents.

49.     CosMX has known of the '769 Patent since the filing of the Complaint in this matter.

50.     Upon information and belief, under 35 U.S.C. § 271(b), CosMX induces customers, distributors, and/or importers to use, import, purchase or sell the Accused Products that infringe at least claim 1 of the '769 Patent. Upon information and belief, CosMX with specific intent actively

aids and abets the infringement of the '769 Patent by customers, distributors, and/or importers by, inter alia, entering into supplier agreements to include the Accused Products in CosMX's customers' products to be sold in the United States, promoting CosMX's customers' products sold in the United States, advertising these agreements to promote CosMX's stock offering, creating established distribution channels for the Accused Products into the United States, manufacturing the Accused Products to conform with U.S. laws and regulations (*e.g.*, Underwriter Laboratories' standards), and/or establishing offices within the United States to provide technical and sales support.

51.    Upon information and belief, CosMX has knowledge that it is directly and/or indirectly infringing at least claim 1 of the '769 Patent and has not ceased its infringing conduct. CosMX's infringing conduct has and continues to be willful and deliberate misconduct beyond typical infringement such that ATL is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

52.    A representative claim chart showing CosMX's infringement of the '769 Patent is attached hereto as Exhibit 13.

53.    CosMX is not licensed or otherwise authorized to practice the claims of the '769 Patent.

54.    By reason of CosMX's infringement, ATL has suffered and continues to suffer substantial damages.

55.    ATL is entitled to recover the damages sustained as a result of CosMX's wrongful acts in an amount subject to proof at trial.

56.    CosMX's infringement of the '769 Patent is exceptional and entitles ATL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 11,699,808

57.     ATL re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

58.     ATL is the assignee of the '808 Patent. ATL has all rights, title, and interest in the '808 Patent including the right to enforce the '808 Patent, the right to exclude others, and to sue and recover damages for past and future infringement.

59.     The '808 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

60.     In violation of 35 U.S.C. § 271(a), CosMX has infringed and continues to infringe at least claim 1 of the '808 Patent by, without authority, making, using, selling, offering for sale, and/or importing into the United States, including in Texas and this judicial district, the Accused Products.

61.     Upon information and belief, CosMX and/or its agents manufacture the Accused Products outside of the United States and delivers the Accused Products to its customers, distributors, and/or subsidiaries in the United States. Upon information and belief, to the extent that CosMX delivers the Accused Products outside of the United States, CosMX does so with the intent and knowledge that the Accused Products are destined for the United States or are designed for products to be sold in the United States. CosMX has infringed the '808 Patent literally and/or under the doctrine of equivalents.

62.     CosMX has known of the '808 Patent at least since the filing of the Complaint in this matter.

63.     Upon information and belief, under 35 U.S.C. § 271(b), CosMX induces customers, distributors, and/or importers to use, import, purchase or sell the Accused Products that infringe at

least claim 1 of the '808 Patent. Upon information and belief, CosMX with specific intent actively aids and abets the infringement of the '808 Patent by customers, distributors, and/or importers by, inter alia, entering into supplier agreements to include the Accused Products in CosMX's customers' products to be sold in the United States, promoting CosMX's customers' products sold in the United States, advertising these agreements to promote CosMX's stock offering, creating established distribution channels for the Accused Products into the United States, manufacturing the Accused Products to conform with U.S. laws and regulations (*e.g.*, Underwriter Laboratories' standards), and/or establishing offices within the United States to provide technical and sales support for the Accused Products.

64.     Upon information and belief, CosMX has knowledge that it is directly and/or indirectly infringing at least claim 1 of the '808 Patent and has not ceased its infringing conduct. CosMX's infringing conduct has and continues to be willful and deliberate misconduct beyond typical infringement such that ATL is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

65.     A representative claim chart showing CosMX's infringement of the '808 Patent is attached hereto as Exhibit 14.

66.     CosMX is not licensed or otherwise authorized to practice the claims of the '808 Patent.

67.     By reason of CosMX's infringement, ATL has suffered and continues to suffer substantial damages.

68.     ATL is entitled to recover the damages sustained as a result of CosMX's wrongful acts in an amount subject to proof at trial.

69.    CosMX's infringement of the '808 Patent is exceptional and entitles ATL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 12,278,330

70.    ATL re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

71.    ATL is the assignee of the '330 Patent. ATL has all rights, title, and interest in the '330 Patent including the right to enforce the '330 Patent, the right to exclude others, and to sue and recover damages for past and future infringement.

72.    The '330 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

73.    In violation of 35 U.S.C. § 271(a), CosMX has infringed and continues to infringe at least claim 11 of the '330 Patent by, without authority, making, using, selling, offering for sale, and/or importing into the United States, including in Texas and this judicial district, the Accused Products.

74.    Upon information and belief, CosMX and/or its agents manufacture the Accused Products outside of the United States and delivers the Accused Products to its customers, distributors, and/or subsidiaries in the United States. Upon information and belief, to the extent that CosMX delivers the Accused Products outside of the United States, CosMX does so with the intent and knowledge that the Accused Products are destined for the United States or are designed for products to be sold in the United States. CosMX has infringed the '330 Patent literally and/or under the doctrine of equivalents.

75.    CosMX has known of the '330 Patent at least since the filing of the Complaint in this matter.

76.    Upon information and belief, under 35 U.S.C. § 271(b), CosMX induces customers, distributors, and/or importers to use, import, purchase or sell the Accused Products that infringe at least claim 11 of the '330 Patent. Upon information and belief, CosMX with specific intent actively aids and abets the infringement of the '330 Patent by customers, distributors, and/or importers by, inter alia, entering into supplier agreements to include the Accused Products in CosMX's customers' products to be sold in the United States, promoting CosMX's customers' products sold in the United States, advertising these agreements to promote CosMX's stock offering, creating established distribution channels for the Accused Products into the United States, manufacturing the Accused Products to conform with U.S. laws and regulations (*e.g.*, Underwriter Laboratories' standards), and/or establishing offices within the United States to provide technical and sales support for the Accused Products.

77.    Upon information and belief, CosMX has knowledge that it is directly and/or indirectly infringing at least claim 11 of the '330 Patent and has not ceased its infringing conduct. CosMX's infringing conduct has and continues to be willful and deliberate misconduct beyond typical infringement such that ATL is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

78.    A representative claim chart showing CosMX's infringement of the '330 Patent is attached hereto as Exhibit 15.

79.    CosMX is not licensed or otherwise authorized to practice the claims of the '330 Patent.

80.    By reason of CosMX's infringement, ATL has suffered and continues to suffer substantial damages.

81. ATL is entitled to recover the damages sustained as a result of CosMX's wrongful acts in an amount subject to proof at trial.

82. CosMX's infringement of the '330 Patent is exceptional and entitles ATL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 12,294,082**

83. ATL re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

84. ATL is the assignee of the '082 Patent. ATL has all rights, title, and interest in the '082 Patent including the right to enforce the '082 Patent, the right to exclude others, and to sue and recover damages for past and future infringement.

85. The '082 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

86. In violation of 35 U.S.C. § 271(a), CosMX has infringed and continues to infringe at least claim 10 of the '082 Patent by, without authority, making, using, selling, offering for sale, and/or importing into the United States, including in Texas and this judicial district, the Accused Products.

87. Upon information and belief, CosMX and/or its agents manufacture the Accused Products outside of the United States and delivers the Accused Products to its customers, distributors, and/or subsidiaries in the United States. Upon information and belief, to the extent that CosMX delivers the Accused Products outside of the United States, CosMX does so with the intent and knowledge that the Accused Products are destined for the United States or are designed for products to be sold in the United States. CosMX has infringed the '082 Patent literally and/or under the doctrine of equivalents.

88.    CosMX has known of the '082 Patent at least since the filing of the Complaint in this matter.

89.    Upon information and belief, under 35 U.S.C. § 271(b), CosMX induces customers, distributors, and/or importers to use, import, purchase or sell the Accused Products that infringe at least claim 10 of the '082 Patent. Upon information and belief, CosMX with specific intent actively aids and abets the infringement of the '082 Patent by customers, distributors, and/or importers by, inter alia, entering into supplier agreements to include the Accused Products in CosMX's customers' products to be sold in the United States, promoting CosMX's customers' products sold in the United States, advertising these agreements to promote CosMX's stock offering, creating established distribution channels for the Accused Products into the United States, manufacturing the Accused Products to conform with U.S. laws and regulations (*e.g.*, Underwriter Laboratories' standards), and/or establishing offices within the United States to provide technical and sales support for the Accused Products.

90.    Upon information and belief, CosMX has knowledge that it is directly and/or indirectly infringing at least claim 10 of the '082 Patent and has not ceased its infringing conduct. CosMX's infringing conduct has and continues to be willful and deliberate misconduct beyond typical infringement such that ATL is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

91.    A representative claim chart showing CosMX's infringement of the '082 Patent is attached hereto as Exhibit 16.

92.    CosMX is not licensed or otherwise authorized to practice the claims of the '082 Patent.

93.     By reason of CosMX's infringement, ATL has suffered and continues to suffer substantial damages.

94.     ATL is entitled to recover the damages sustained as a result of CosMX's wrongful acts in an amount subject to proof at trial.

95.     CosMX's infringement of the '082 Patent is exceptional and entitles ATL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT V - INFRINGEMENT OF U.S. PATENT NO. 12,334,494

96.     ATL re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

97.     ATL is the assignee of the '494 Patent. ATL has all rights, title, and interest in the '494 Patent including the right to enforce the '494 Patent, the right to exclude others, and to sue and recover damages for past and future infringement.

98.     The '494 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

99.     In violation of 35 U.S.C. § 271(a), CosMX has infringed and continues to infringe at least claim 14 of the '494 Patent by, without authority, making, using, selling, offering for sale, and/or importing into the United States, including in Texas and this judicial district, the Accused Products.

100.     Upon information and belief, CosMX and/or its agents manufacture the Accused Products outside of the United States and delivers the Accused Products to its customers, distributors, and/or subsidiaries in the United States. Upon information and belief, to the extent that CosMX delivers the Accused Products outside of the United States, CosMX does so with the intent and knowledge that the Accused Products are destined for the United States or are designed

for products to be sold in the United States. CosMX has infringed the '494 Patent literally and/or under the doctrine of equivalents.

101.    CosMX has known of the '494 Patent at least since the filing of the Complaint in this matter.

102.    Upon information and belief, under 35 U.S.C. § 271(b), CosMX induces customers, distributors, and/or importers to use, import, purchase or sell the Accused Products that infringe at least claim 14 of the '494 Patent. Upon information and belief, CosMX with specific intent actively aids and abets the infringement of the '494 Patent by customers, distributors, and/or importers by, inter alia, entering into supplier agreements to include the Accused Products in CosMX's customers' products to be sold in the United States, promoting CosMX's customers' products sold in the United States, advertising these agreements to promote CosMX's stock offering, creating established distribution channels for the Accused Products into the United States, manufacturing the Accused Products to conform with U.S. laws and regulations (*e.g.*, Underwriter Laboratories' standards), and/or establishing offices within the United States to provide technical and sales support for the Accused Products.

103.    Upon information and belief, CosMX has knowledge that it is directly and/or indirectly infringing at least claim 14 of the '494 Patent and has not ceased its infringing conduct. CosMX's infringing conduct has and continues to be willful and deliberate misconduct beyond typical infringement such that ATL is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

104.    A representative claim chart showing CosMX's infringement of the '494 Patent is attached hereto as Exhibit 17.

105.    CosMX is not licensed or otherwise authorized to practice the claims of the '494 Patent.

106.    By reason of CosMX's infringement, ATL has suffered and continues to suffer substantial damages.

107.    ATL is entitled to recover the damages sustained as a result of CosMX's wrongful acts in an amount subject to proof at trial.

108.    CosMX's infringement of the '494 Patent is exceptional and entitles ATL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 12,374,686

109.    ATL re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

110.    ATL is the assignee of the '686 Patent. ATL has all rights, title, and interest in the '686 Patent including the right to enforce the '686 Patent, the right to exclude others, and to sue and recover damages for past and future infringement.

111.    The '686 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

112.    In violation of 35 U.S.C. § 271(a), CosMX has infringed and continues to infringe at least claim 1 of the '686 Patent by, without authority, making, using, selling, offering for sale, and/or importing into the United States, including in Texas and this judicial district, the Accused Products.

113.    Upon information and belief, CosMX and/or its agents manufacture the Accused Products outside of the United States and delivers the Accused Products to its customers, distributors, and/or subsidiaries in the United States. Upon information and belief, to the extent

that CosMX delivers the Accused Products outside of the United States, CosMX does so with the intent and knowledge that the Accused Products are destined for the United States or are designed for products to be sold in the United States. CosMX has infringed literally and/or under the doctrine of equivalents.

114.    CosMX has known of the '686 Patent at least since the filing of the Complaint in this matter.

115.    Upon information and belief, under 35 U.S.C. § 271(b), CosMX induces customers, distributors, and/or importers to use, import, purchase or sell the Accused Products that infringe at least claim 1 of the '686 Patent. Upon information and belief, CosMX with specific intent actively aids and abets the infringement of the '686 Patent by customers, distributors, and/or importers by, inter alia, entering into supplier agreements to include the Accused Products in CosMX's customers' products to be sold in the United States, promoting CosMX's customers' products sold in the United States, advertising these agreements to promote CosMX's stock offering, creating established distribution channels for the Accused Products into the United States, manufacturing the Accused Products to conform with U.S. laws and regulations (*e.g.*, Underwriter Laboratories' standards), and/or establishing offices within the United States to provide technical and sales support for the Accused Products.

116.    Upon information and belief, CosMX has knowledge that it is directly and/or indirectly infringing at least claim 1 of the '686 Patent and has not ceased its infringing conduct. CosMX's infringing conduct has and continues to be willful and deliberate misconduct beyond typical infringement such that ATL is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the compensatory amount awarded.

117.    A representative claim chart showing CosMX's infringement of the '686 Patent is attached hereto as Exhibit 18.

118.    CosMX is not licensed or otherwise authorized to practice the claims of the '686 Patent.

119.    By reason of CosMX's infringement, ATL has suffered and continues to suffer substantial damages.

120.    ATL is entitled to recover the damages sustained as a result of CosMX's wrongful acts in an amount subject to proof at trial.

121.    CosMX's infringement of the '686 Patent is exceptional and entitles ATL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

<p style="text-align:center">**DEMAND FOR JURY TRIAL**</p>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

<p style="text-align:center">**PRAYER FOR RELIEF**</p>

A.    A judgment that CosMX has directly and/or indirectly infringed the Asserted Patents;

B.    A judgment that CosMX has willfully infringed the Asserted Patents;

C.    A permanent injunction enjoining CosMX, together with its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and those persons in active concert or participation with them, from directly and/or indirectly infringing the Asserted Patents;

D.    An award of damages adequate to compensate ATL for CosMX's infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

E.      An accounting and/or an ongoing royalty as necessary to determine the amount of and award ATL any post-verdict royalties and/or lost profits;

F.      An increase in the damages award up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

G.      That CosMX be ordered to pay to ATL pre-judgment and post-judgment interest;

H.      A determination that this action is exceptional pursuant to 35 U.S.C. § 285, and an award to ATL of its attorneys' fees, costs, and expenses incurred in connection with this action; and

I.      Such other relief as the Court deems just and equitable.

<div style="margin-left:50%">

Respectfully submitted,

</div>

Dated: February 18, 2026

<div style="margin-left:50%">

*/s/ Sid V. Pandit*
Sid V. Pandit (admitted in this District)
svp@maierandmaier.com
Michael R. Casey (*pro hac vice* forthcoming)
mrc@maierandmaier.com
MAIER & MAIER PLLC
345 South Patrick Street
Alexandria, VA 22314
Telephone: (703) 740-8322
Facsimile: (703) 991-7071

Thomas J. Gohn (TX Bar No. 24097742)
tjg@maierandmaier.com
MAIER & MAIER PLLC
8750 N. Central Expressway, Suite 1850
Dallas, Texas 75231
Telephone: (703) 740-8322
Facsimile: (703) 991-7071

***Attorneys for Plaintiff NINGDE AMPEREX TECHNOLOGY LIMITED***

</div>